# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| v. | : | **MAGISTRATE NO.** |
| | : | |
| **ISAAC ANTHONY THOMAS,** | : | **VIOLATIONS:** |
| (Counts 1, 2, 3, 4, 5, 7, 9, 10, 11, 12) | : | 18 U.S.C. § 231(a)(3) |
| | : | (Civil Disorder) |
| **CHRISTINA ANN LEGROS,** | : | 18 U.S.C. §§ 1512(c)(2), 2 |
| (Counts 6, 8, 10, 12) | : | (Obstruction of an Official Proceeding) |
| | : | 18 U.S.C. §§ 111(a)(1) and (b) |
| Defendants. | : | (Assaulting, Resisting, or Impeding |
| | : | Certain Officers Using a Dangerous |
| | : | Weapon) |
| | : | 18 U.S.C. § 1752(a)(1) and (b)(1)(A) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds with a Deadly or |
| | : | Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(1) |
| | : | (Entering and Remaining in a Restricted |
| | : | Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(2) and (b)(1)(A) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 18 U.S.C. § 1752(a)(2) |
| | : | (Disorderly and Disruptive Conduct in a |
| | : | Restricted Building or Grounds) |
| | : | 18 U.S.C. § 1752(a)(4) and (b)(1)(A) |
| | : | (Engaging in Physical Violence in a |
| | : | Restricted Building or Grounds with a |
| | : | Deadly or Dangerous Weapon) |
| | : | 40 U.S.C. § 5104(e)(2)(D) |
| | : | (Disorderly Conduct in |
| | : | a Capitol Building) |
| | : | 40 U.S.C. § 5104(e)(2)(F) |
| | : | (Act of Physical Violence in the Capitol |
| | : | Grounds or Buildings) |
| | : | 40 U.S.C. § 5104(e)(2)(G) (Parading, |
| | : | Demonstrating, or Picketing in a Capitol |
| | : | Building) |
| | : | |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal—until the Arrest Warrant is executed—the redacted Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion. The United States further requests an order to place the unredacted Affidavit in Support of Criminal Complaint under seal through the pendency of this prosecution. In support thereof, the government states as follows:

1. The United States is investigating allegations that Isaac Thomas and Christina Legros willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and participated in disorderly conduct in violation of 18 U.S.C. §§ 1752(a)(1) and (2), and 40 U.S.C. § 5104(e)(2)(D) and (G). Further, that Isaac Thomas obstructed law enforcement officers in violation of 18 U.S.C. § 231(a)(3), corruptly obstructed an official proceeding in violation of 18 U.S.C. § 1512(c)(2) and 2, twice assaulted Federal officers in violation of 18 U.S.C. § 111(a) and (b), knowingly engaged in an act of physical violation against any person in violation of 18 U.S.C. § 1752(a)(4), and thrice violated 18 U.S.C. § 1752(b)(1)(A).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation. The evidence includes information related to both defendants, and specifically as it relates to Isaac Thomas includes information gained from an individual acting as Thomas's counselor. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest each defendant, and could needlessly expose statements related to any possible treatment Thomas has

received by the counselor to the public. Thus, a sealing order is necessary to avoid hindering the investigation in this matter, and to protect Thomas's privacy interest.

3.     As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.     In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting both defendants. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.     Further, given the publicity each January 6, 2021, case has received, there is a compelling privacy interest of Isaac Thomas to keep details provided to the Court for its probable cause determination to not be accessible from the Court's public files throughout the pendency of the prosecution. A proposed redacted version of the Affidavit in Support of Criminal Complaint is attached to this motion.

6.     Finally, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, mean that the defendants are charged with a crime, and the Government intends to arrest them. Thus, if this

Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of both Arrest Warrants, the redacted Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

**ADDITIONALLY**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, the unredacted version of the Affidavit in Support of Criminal Complaint throughout the pendency of this prosecution.

Respectfully submitted,

MATTHEW GRAVES
United States Attorney for the District of Columbia
D.C. Bar No.

by:   /s/ *Adam Dreher*
ADAM M. DREHER
Assistant United States Attorney
Mich. Bar No. P79246
601 D Street NW Washington DC 20530
Telephone: 202-257-8014
Email: adam.dreher@usdoj.gov